UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER O'SULLIVAN,                           No. C-12-02125 JCS

      Plaintiff,

  v.                                           **ORDER GRANTING PLAINTIFF'S
                                                 MOTION TO STRIKE DEFENDANT'S
AMN SERVICES, INC.,                              ANSWER TO PLAINTIFF'S FIRST
                                                 AMENDED COMPLAINT [Docket No. 11]**

      Defendant.
_____/

## I.    INTRODUCTION

On January 30, 2012, Plaintiff initiated this purported class action asserting state law wage and hour violations in the Superior Court for the County of Marin. On March 29, 2012, Plaintiff filed an amended complaint. *Id.* ¶ 3. In the amended complaint, Plaintiff alleges ten state law claims against AMN Services LLC (erroneously sued as AMN Service, Inc., hereinafter, "AMN"): (1) failure to pay final wages in a timely manner; (2) failure to provide proper meal periods; (3) failure to provide proper rest breaks; (4) failure to timely pay overtime wages; (5) failure to pay overtime; (6) failure to provide information on wage statements; (7) improper deductions and withholdings; (8) restitution and injunctive relief under California Business and Professions Code section 17200 *et seq.*; (9) failure to pay minimum wage; and (10) civil penalties under the Private Attorneys General Act ("PAGA"), California Labor Code section 2699. The amended complaint was served on AMN on March 30, 2012.

On April 26, 2012, AMN filed an Answer to the amended complaint in Marin County Superior Court and the next day, it removed the action to federal district court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).[1] Plaintiff now brings a Motion to Strike

---

[1] "CAFA vests a district court with original jurisdiction over 'a class action' where: (1) there are one-hundred or more putative class members; (2) at least one class member is a citizen of a state different from the state of any defendant; and (3) the aggregated amount in controversy exceeds $5 million, exclusive of costs and interest." *United Steel, Paper & Forestry, Rubber, Manufacturing*

1  Defendant's Answer to Plaintiff's First Amended Complaint ("the Motion").  The Court finds that

2  the Motion is suitable for determination without oral argument, pursuant to Civil Local Rule 7-1(b)

3  and therefore **vacates the motion hearing set for July 20, 2012 at 9:30 a.m.  The Case**

4  **Management Conference previously set for 9:30 a.m. on July 20, 2012 shall occur instead at**

5  **1:30 p.m. on August 31, 2012.**  For the reasons stated below, the Motion is GRANTED.[2]

6  **II.       DEFENDANT'S ANSWER**

7        In its Answer, filed pursuant to Section 431.30(d) of the California Code of Civil Procedure,

8  AMN denied, "generally and specifically, each and every allegation in the unverified Complaint,

9  that Plaintiff is entitled to the relief requested, or that Plaintiff has been or will be damaged in any

10  sum, or at all, by reason of any act or omission on the part of Defendant."  Answer at 1.  AMN went

11  on to assert thirty-three affirmative defenses, all of which are entirely boilerplate.  The Answer does

12  not address any of the specific facts alleged in the amended complaint and does not offer specific

13  facts in support of its affirmative defenses.  Further, while some of the affirmative defenses are

14  expressly asserted as to all of the claims in the complaint, others do not identify the claims as to

15  which they are asserted.

16  **III.      THE MOTION**

17        In the Motion, Plaintiff asks the Court to strike all of AMN's affirmative defenses under

18  Rule 12(f) of the Federal Rules of Civil Procedure on the ground that they have been insufficiently

19  pled and therefore do not provide Plaintiff with fair notice under Rule 8.  Motion at 2-3 (citing *J&J*

20  *Sports  Prods., Inc. v. Montanez*, 2010 WL 5279907 at *1 (E.D. Cal. filed Dec. 13, 2010); *Simmons*

21  *v. Navajo County*, 609 F.3d 1011, 1023 (9th Cir. 2010); *Qarbon.com Inc. v. eHelp Corp*., 315 F.

22  Supp. 2d 1046, 1048 (N.D. Cal. 2004)).  In particular, Plaintiff contends that it is not sufficient to

23  simply recite legal doctrines without alleging any facts showing how the doctrines apply in this case

24  or linking the affirmative defenses to particular claims.  *Id*. at 4-8.  Plaintiff offers as examples the

25  affirmative defenses of waiver (AMN's Twelfth Affirmative Defense), estoppel (AMN's Eleventh

26

27  _____

28  *Energy, Allied Indus. & Serv. Workers Int'l Union v. ConocoPhillips Co.*, 593 F.3d 802, 804 (9th Cir. 2010)(citing 28 U.S.C. §§ 1332(d)(2), (5)(B), (6)).

[2]The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

1    Affirmative Defense) and "protection from excessive fines" (AMN's Thirty-Third Affirmative

2    Defense). *Id.* at 4-5.  As to waiver, Plaintiff asks, what right is AMN asserting has been waived? *Id.*

3    at 5.  Similarly, Plaintiff contends, it is not clear which doctrine of estoppel AMN is asserting, much

4    less the factual basis for that affirmative defense. *Id.*  Finally, Plaintiff argues that it is impossible to

5    know how the defense of excessive fines, which derives from the 8th Amendment of the U.S.

6    Constitution, even applies in this case involving alleged statutory violations. *Id.* at 6.

7         Furthermore, the standard governing fair notice has become more stringent, Plaintiff asserts,

8    in the wake of the Supreme Court's decisions in  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell*

9    *Atlantic Corp.  v. Twombly*, 550 U.S. 544 2007.  *Id.*  at 8.  While the circuit courts – including the

10   Ninth Circuit – have not yet reached the question of whether this heightened pleading standard

11   applies to affirmative defenses, Plaintiff contends that many district courts have concluded that it

12   does. *Id.* (citing *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal.

13   2010); *Racick v. Dominion Law Assocs*. 270 F.R.D. 228, 233 (E.D.N.C. 2010)).  Clearly, Plaintiff

14   argues, AMN's affirmative defenses, which are devoid of any factual allegations, do not satisfy the

15   standard articulated in *Iqbal* and *Twombly*. *Id.*

16        Even if California pleading standards apply to AMN's affirmative defenses, Plaintiff asserts,

17   AMN should be required to replead its defenses, as is permitted under Rule 81(c)(2), because its

18   affirmative defenses do not meet those standards either. *Id.* at 9.  According to Plaintiff, California

19   pleading standards require that "any defense in an answer be averred with facts 'as carefully and

20   with as much detail as the facts which constitute the cause of action . . . alleged in the complaint.'"

21   *Id.* at 10 (citing *FPI Dev., Inc. v. Nakashima*, 231 Cal. App. 3d 367, 384 (1991) (citation omitted)).

22   Boilerplate affirmative defenses are subject to demurrer under California law, Plaintiff asserts.  *Id.*

23   (citing Cal. Civ. Proc. Code Sections 430.20, 431.30(g), 435(b); Hon. Robert I Weil & Hon. Ira

24   A. Brown, Jr., <u>California Practice Guide: Civil Procedure Before Trial</u> ¶ 7:35 (The Rutter Group

25   2011) (explaining that "[a] demurrer can be an effective tool for eliminating 'boilerplate' affirmative

26   defenses that often appear in answers (e.g., 'waiver,' 'estoppel,' 'unclean hands,' etc.)" and that "[a]

27   demurrer may be made on the ground of failure to plead sufficient facts to constitute a defense")).

28        AMN responds that it is Plaintiff's Motion that is "boilerplate" to the extent that Plaintiff

     "does not even attempt to specifically identify the purported deficiencies in each of Defendant's

United States District Court
For the Northern District of California

1    properly alleged defenses.  Opposition at 1.  Given that motions to strike under Rule 12(f) are

2    generally disfavored, AMN asserts, the Motion should be denied.  *Id.* at 2 (citing *Oracle Corp. v.*

3    *DrugLogic,, Inc.*, 807 F. Supp. 2d 885, 896 (N.D. Cal. 2011) (Spero, J.); *Vistan Corp. v. Fadei*

4    *U.S.A., Inc.*, 2011 U.S. Dist. LEXIS 47099, at *19-21 (N.D. Cal. April 25, 2011) (Spero, J.)).

5    According to AMN, California pleading standards apply to its affirmative defenses because the

6    Answer was filed prior to removal.  *Id.* at 3.   But regardless of whether state or federal pleading

7    standards apply, AMN contends, the standard is the same and it is satisfied by AMN's affirmative

8    defenses.  *Id.* at 1.

9          According to AMN, it is permissible to answer a complaint in state court prior to removal

10   and in fact, some commentators recommend doing so because general denial of an unverified

11   complaint is permissible in state court.  *Id.* at 3 (citing William W. Schwarzer, et al., Cal. Prac.

12   Guide: Federal Civil Procedure Before Trial, 2:3560 (The Rutter Group 2011) (stating that "[i]t is

13   sometimes a good idea to answer before removing the action from state court . . .particularly where

14   the state court complaint is unverified.   In such cases a general denial is permissible under state

15   practices (see Calif. Code Civ. Proc. Section 431.30(d))).  *Id.* at 3.  Further, AMN asserts, courts

16   regularly apply state rules of procedure to conduct occurring prior to removal.  *Id.* at 3-4.  AMN

17   argues that Plaintiff has offered no authority suggesting that it is appropriate or necessary for the

18   court to order that AMN replead its affirmative defenses under Rule 81(c) of the Federal Rules of

19   Civil Procedure.  *Id.* at 4.

20         AMN argues that its affirmative defenses satisfy California state law pleading requirements,

21   which do not require that it plead *any* facts in support of its affirmative defenses.  *Id.* at 5 (citing

22   *Perkins v. Sup. Ct.*, 117 Cal. App. 3d 1, 6 (1981); *Greenstone v. Claretian Theological Seminary*,

23   173 Cal. App. 2d 21, 32 (1959)).  This is because California "has embraced an increasingly liberal

24   attitude toward pleading, which approximates the fair notice standard adopted by the federal courts."

25   *Id.* at 5 (citing *Ludgate Ins. Co. v. Lockheed Martin Corp.*, 82 Cal. App. 4th 592, 608 (2000);

26   *Perkins*, 117 Cal. App. 3d at 7; *Simons v. County of Kern*, 234 Cal. App. 2d 362, 367 (1965)).  AMN

27   argues that this standard is also reflected in California Code of Civil Procedure Section 452, which

28   requires that courts construe pleadings liberally.  *Id.* at 6.  This liberal standard is illustrated, AMN

     asserts, by the sample answer provided in the Rutter Group's California Practice Guide:

United States District Court
For the Northern District of California

1   Employment Litigation, in which many affirmative defenses are listed without any supporting facts.

2   *Id*.  According to AMN, *FPI Dev. Inc. v. Nakashima*, 231 Cal. App. 3d 367 (1991), cited by

3   Plaintiff in support of his allegation that additional facts must be pled to satisfy California pleading

4   requirements, does not support Plaintiff's position because the statements cited were made in the

5   context of a motion for summary judgment and not on a demurrer and therefore are dicta.  *Id*.  AMN

6   contends that Plaintiff's Motion is merely an attempt to force AMN to "prove its entire defense at

7   the initial answering stage, despite not having the benefit of any discovery."  *Id*. at 7.  "Because a

8   party waives any un-pled affirmative defenses, significant prejudice and a sizable miscarriage of

9   justice would result to a defendant unable to plead a full panoply of defenses."  *Id*. at 7-8.

10         AMN further contends that Plaintiff fails to carry its burden because, while challenging as

11   deficient all of AMN's affirmative defenses, Plaintiff specifically addressed only thee of those

12   affirmative defenses – waiver, estoppel and excessive fines.  *Id*. at 8.  Yet "most (if not all) of the 33

13   affirmative defenses at issue are either mere assertions of a legal right that require no further

14   explanation, or simple, plain language, common-sense assertions that readily put Plaintiff on notice

15   of the defenses Defendant might pursue, without the need for additional facts."  *Id*.  AMN offers as

16   an example its statute of limitations of defense.  *Id*.  California law expressly permits AMN to plead

17   this defense as a legal conclusion without any supporting facts, AMN contends.  *Id*. (citing Cal.

18   Code Civ. Proc. Section 458).

19         AMN also cites its affirmative defense based on failure to exhaust administrative remedies,

20   pointing out that Plaintiff alleged that he exhausted administrative remedies in connection with his

21   PAGA claim but has not yet provide the documents establishing that this requirement has been

22   satisfied.  *Id*. at 9.  Because this affirmative defense is subject to waiver, AMN argues, it would be a

23   miscarriage of justice to require AMN to allege specific facts at this stage of the case.  *Id*.

24         AMN argues further that even its affirmative defenses of waiver, estoppel and protection

25   from excessive fines "were all asserted based on a good-faith belief that the defenses may apply to

26   this case, and to preserve Defendant's right to assert these defenses at trial."  *Id*.  AMN rejects

27   Plaintiff's contention that equitable defenses such as estoppel require that additional facts be pled,

28   arguing that such a requirement is inappropriate where "plaintiff's claims or contention against

which the defense of estoppel may be made is not known to the defendant in advance and is not

1   apparent from an examination of the complaint." *Id.* (quoting 5 Witkin, Cal. Procedure (5th Ed.

2   2008), Pleadings § 1124).  It also argues that its affirmative defense against excessive fines is

3   adequately pled and that even PAGA contains a provision recognizing that fines under PAGA may

4   be "unjust, arbitrary and oppressive and confiscatory." *Id.* at 10 (citing Cal. Labor Code Section

5   2699(e)(2)).

6          Even if federal law applies, AMN contends, the Motion should be denied.  *Id.* at 10.  AMN

7   argues that many district courts have correctly concluded that the heightened standard of *Iqbal* and

8   *Twombly* does not apply to affirmative defenses, AMN asserts.  *Id.* (citing *Kohler v. Big 5 Corp.*,

9   2012 U.S. Dist. LEXIS 62264 (C.D. Cal. April 30, 2012); *Kohler v. Island Rests.*, 2012 U.S. Dist.

10  LEXIS 24224, at *10-14 (S.D. Cal. Feb. 16, 2012); *J & J Sports Prods., Inc. v. Scace*, 2011 U.S.

11  Dist. LEXIS 60270, at *1 (S.D. Cal. May 27, 2011); *Joe Hand Promotions, Inc. v. Estradda*, 2011

12  U.S. Dist. LEXIS 61010, at *5 (E.D. Cal. June 7, 2011)).  Therefore, the applicable standard is the

13  same fair notice standard that applies under state law, AMN argues, and that standard is met for the

14  reasons discussed above.  *Id.* at 12.

15         AMN asserts that if the Court decides to grant the Motion to any extent, it should only grant

16  the Motion as to the three affirmative defenses that were specifically addressed – waiver, estoppel

17  and protection against excessive fines.  *Id.* at 13.  Further, AMN asserts, it should be permitted to

18  amend its affirmative defenses at a later time, after some discovery has occurred.  *Id.*

19         In his Reply brief, Plaintiff reiterates his position that AMN's affirmative defenses fail to

20  satisfy either California or federal pleading requirements.  Reply at 3.  At a minimum, Plaintiff

21  contends, AMN is required to identify the particular claims to which its affirmative defenses apply.

22  *Id.* (citing Cal. Code Civ. Proc. Section 431.30(g)).  The sample answer in the California Practice

23  Guide cited by AMN is not indicative of the degree of specificity required under California law,

24  Plaintiff argues, as it is envisioned that these generic forms will be tailored to the specific facts of

25  any particular case and it is the defendant's obligation to meet the relevant pleading requirements.

26  *Id.* at 3.

27         Plaintiff argues that it will be prejudiced if AMN is not required to amend its Answer in a

28  timely manner to set reasonable bounds on discovery.  *Id.* at 4 (citing *Byrne v. Nezhat*, 261 F.3d

    1075, 1129 (11th Cir. 2001)).  Further, Plaintiff contends that AMN filed its answer in state court,

just prior to removal, in order to "hide the ball," and that such conduct should not be rewarded. *Id.* Plaintiff also points to a recent decision in the Northern District, *Powertech Tech., Inc. v. Tessera, Inc.*, 2012 U.S. Dist. LEXIS 68711 (N.D. Cal. May 16, 2012), in which Judge Wilken reviewed the relevant  district court decisions and concluded that "[w]ithin the Northern District of California, it appears that the judges who have decided the issue thus far have uniformly found that the *Twombly* and *Iqbal* standard does apply to affirmative defenses." *Id.* at 5. Plaintiff contends that allowing AMN to rely on boilerplate affirmative defenses is inconsistent with federal law and does not serve the parties or the Court. *Id.* at 10. Therefore, Plaintiff asks the Court to order that AMN amend its affirmative defenses within ten days of the date of its order.

## IV.    LEGAL STANDARDS

### A.    Rule 12(f)

Rule 12(f) provides that the court may strike an "insufficient defense." A defense may be insufficient either because a defense is insufficient as a matter of law or because it has been insufficiently pled. *J & J Sports Productions, Inc. v. Montanez*, 2010 WL 5279907, at *1 (E.D.Cal., 2010). Here, Plaintiff asserts that AMN's affirmative defenses should be stricken on the basis that they are insufficiently pled.

### B.    Rule 81(c)

Rule 81(c) of the Federal Rules of Civil Procedure expressly provides that "[a]fter removal, repleading is unnecessary unless the court orders it." Rule 81(c) also sets deadlines for filing an answer in a removed action where "a defendant did not answer before removal." While Rule 81 "contemplate[s] an answer in state court prior to removal," *Oster v. Standard Life Ins. Co.*, 2009 WL 1260174, at *2 (N.D.Cal., May 6, 2009), it is silent as to the circumstances under which the district court may require repleading. That question is left to the "sound discretion" of the district court. *Com/Tech Communication Technologies, Inc. v. Wireless Data Systems, Inc.*, 163 F.3d 149, 151 (2d Cir. 1998).

### C.    The *Erie* Doctrine

It is well-established that under the *Erie* doctrine, "federal courts sitting in diversity apply state substantive law and federal procedural law." *Id. (quoting Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 427 (1996)). Further, "where the matter in question is one covered by the

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1   Federal Rules of Civil Procedure, 'it is settled that . . . the Federal Rule applies regardless of

2   contrary state law.'" *Id*. (quoting *Gasperini*, 518 U.S. at 427 n. 7)).

3          This principal is illustrated in *Com/Tech*, in which the Court of Appeals ruled that the district

4   court erred where, in a removed action, it denied a motion by the defendant to assert a counterclaim

5   that would not have been permitted under the applicable summary state court procedure. *Id* at 150.

6   Under the state law procedure, a plaintiff seeking to enforce a promissory note was permitted to file

7   a motion for summary judgment in lieu of a complaint and counterclaims were prohibited. *Id*.  at

8   150.   Under Rule 13 of the Federal Rules of Civil Procedure, on the other hand, the counterclaim

9   could be asserted. *Id*. at 151.  The defendant in that case had also requested that the plaintiff be

10  required to replead its complaint to meet federal pleading standards. *Id*.  The court of appeals held

11  that the defendant must be allowed to file its counterclaims because they were permissible under

12  Rule 13 of the Federal Rules of Civil Procedure. *Id*. at 151.  The court explained that the state law

13  provision prohibiting counterclaims was "a procedural rule, and when this case was removed to

14  federal court, the regime of the Federal Rules replaced that of" the state law provision. *Id*.  The

15  court of appeals further held that it was in the discretion of the district court to decide whether it

16  would require the parties to replead the complaint and answer that had already been filed or instead

17  deem the moving and answering papers already submitted to be the complaint and answer as this

18  was in the discretion of the district court under Rule 81(c). *Id*.  Either way, however, it "direct[ed] .

19  . . that proceedings are to conform to the Federal Rules and that [the defendant] must be permitted to

20  assert any counterclaims permitted by those Rules." *Id*.

21         Similarly, in *Gilmore v. Witschorek*, the court held that in a diversity case, where there is a

22  conflict between state and federal pleading standards, the Federal Rules apply.  441 F. Supp. 491,

23  495 (E.D. Ill. 1976).  In that case, the court denied a motion to dismiss a claim in which freedom

24  from contributory negligence was not alleged in the complaint, as required under state law, finding

25  that under federal pleading standards, contributory negligence was an affirmative defense to be

26  asserted by the defendant. *Id*.  Therefore, under the *Erie* doctrine, the court found that the claim was

27  adequately alleged. *Id*.

28

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**D.     Rule 8**

Rule 8 of the Federal Rules of Civil Procedure sets forth the general rules of pleading for complaints and answers. Rule 8(a)(2) requires that a claim be supported by a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(c) addresses affirmative defenses and requires that a party "affirmatively state any avoidance or affirmative defense." "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank,* 607 F.2d 824, 827 (9th Cir. 1979). Before 2007, the "fair notice" requirement was governed by the standard set forth in *Conley v. Gibson*, 355 U.S. 41 45-46 (1957). Under that standard, a claim was adequately alleged unless "it appeared beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Id*. In *Bell Atlantic Corp. v. Twombly*, however, the Supreme Court adopted a more stringent standard, requiring that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 569 (2007). This standard does not require detailed factual allegations but does require that the plaintiff allege the grounds for entitlement beyond mere labels and conclusions. *Id*. at 555. " Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004)). Put somewhat differently, enough facts must be alleged to "raise a reasonable expectation that discovery will reveal evidence" that supports the claim. *Id*. at 556.

In *Ashcroft v. Iqbal*, the Supreme Court offered the following further guidance on the plausibility standard announced in *Twombly*:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

556 U.S. 662 (2009) (citations omitted).

The question of whether the pleading requirements of *Twombly* and *Iqbal* apply to affirmative defenses has not been decided by the federal appellate courts, including the Ninth Circuit, as the parties acknowledge. Within the Northern District of California, however, there is widespread agreement that they do. *See Powertech Technology, Inc. v. Tessera, Inc.*, 2012 WL

9

United States District Court
For the Northern District of California

1746848, at *4 (N.D. Cal. May 16, 2012) ("it appears that the judges who have decided the issue thus far have uniformly found that the *Twombly* and *Iqbal* standard does apply to affirmative defenses") (citing *Perez v Gordon & Wong Law Group PC*, 2012 WL 1029425, at *6–8 (N.D. Cal. March 26, 2012) (Koh, J.); *Barnes & Noble, Inc. v. LSI Corp.*, 2012 WL 359713, at *2 (N.D.Cal. February 2, 2012) (Chen, J.); *Bottoni v. Sallie Mae, Inc.*, 2011 WL 3678878, at *2 (N.D.Cal., August 22, 2012) (Beeler, M.J.); *D ion v. Fulton Friedman & Gullace LLP*, 2012 WL 160221, at *2 (N.D.Cal., January 17, 2012 ) (Conti, J.); *J & J Sports Productions, Inc. v. Mendoza–Govan*, 2011 WL 1544886, at *1 (N.D.Cal. April 25, 2011) (Alsup, J.); *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1171–72 (N.D. Cal. 2010) (Patel, J.)).

The reasoning that has been adopted by the judges of this district is set forth in *Barnes*, which states as follows:

> *Iqbal*'s extension of the *Twombly* pleading standard beyond claims arising under the Sherman Act was premised on *Twombly's* holding that the purpose of Rule 8 was to give the opposing party notice of the basis for the claim sought. . . . Rule 8's requirements with respect to pleading defenses in an answer parallels the Rule's requirements for pleading claims in a complaint. *Compare (a)(2)* "a short and plain statement of the claim showing that the pleader is entitled to relief", *with (b)(1)* "state in short and plain terms its defenses to each claim asserted against it". Rule 8(b)(2) further provides with respect to "denials" that they "must fairly respond to the substance of the allegations." The court can see no reason why the same principles applied to pleading claims should not apply to the pleading of affirmative defenses which are also governed by Rule 8. "Applying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply." . . . Applying the same standard will also serve to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted.

*Barnes*, 718 F.Supp.2d at 1171–72. This court agrees with the reasoning of *Barnes* and therefore joins the judges of this district who have ruled on the question in finding that the standard of *Twombly* and *Iqbal* applies to affirmative defenses.[3]

---

[3]In *Vistan v. Fadei*, cited by AMN, this Court denied a motion to strike boilerplate affirmative defenses in a patent case. 2011 WL1544796 (N.D.Cal., April 25, 2011), reasoning that detailed contentions would be required under the patent local rules after some discovery had occurred. In addition, the plaintiff in that case had not yet identified the specific patent claims that it alleged were infringed, leading the Court to conclude that it would be premature to require the defendant to provide more detailed factual allegations in support of its affirmative defenses. As a practical matter, the situation here is quite different as this is not a patent case and therefore Defendant will not be required to provide detailed factual contentions at an early stage of the case, as is required in patent cases. Plaintiff in this case has provided specific factual allegations in support of his claims. In addition, the Court in *Vistan* did not address whether *Iqbal* and *Twombly* apply to affirmative defenses. However, to the extent that the Court's decision in *Vistan* may have suggested that this standard does not apply to affirmative defenses, the Court now clarifies its position and joins the judges of this district

**United States District Court**

For the Northern District of California

**IV.    ANALYSIS**

As the foregoing discussion makes clear, when an action is removed to federal court, the "regime of the Federal Rules" replaces state law procedural standards. *Com/Tech*, 163 F.3d at 151. Regardless of whether AMN's Answer complied with state law procedural requirements at the time it was filed, once AMN removed the action to federal court, its Answer was required to conform with the requirements of the Federal Rules of Civil Procedure and in particular, Rule 8(c). *Twombly* and *Iqbal* make clear that in Federal Court, notice requires more than mere legal conclusions; factual allegations must establish a right to relief that is "beyond the speculative level." *Twombly*, 550 U.S. at 555. Here, AMN asserts that it is not required to allege any specific facts because its affirmative defenses "readily put Plaintiff on notice of the defenses Defendant *might* pursue." Opposition at 8 (emphasis added). That is not the applicable standard. Further, such an approach threatens to subject Plaintiff to expensive and potentially unnecessary and irrelevant discovery – one of the outcomes that *Twombly* and *Iqbal* are aimed at preventing.   Accordingly, the Court strikes all of Defendants' affirmative defenses under Rule 12(f) on the basis that they are  insufficiently pled, with leave to amend.  As an additional source of authority, the Court exercises its discretion under Rule 81(c) to order AMN to replead its affirmative defenses to comply with federal pleading standards.[4]

Finally, the Court is cognizant of the difficulty of alleging affirmative defenses in a purported class action, where facts may be unavailable as to putative class members prior to discovery.  As in *Barnes*, "[t]o the extent that this order prevents the defendant from alleging affirmative defenses as to the unknown putative class members because there are no facts that could show that an affirmative is plausibly applicable to [Plaintiff], the court will grant leave to the defendant to amend its answer at such time as the defendant becomes aware of facts tending to show

---

who have reached the conclusion that it does.

[4] The Court declines to engage in the lengthy exercise of discussing each affirmative defense individually.  Indeed, the parties themselves only specifically addressed a handful of AMN's affirmative defenses.   It is sufficient at this stage to point out that *all* of the affirmative defenses are asserted as bare legal conclusions without any supporting facts and therefore do not meet federal pleading standards. To the extent that any issues remain after AMN has amended its affirmative defenses, the Court will address at that time the sufficiency of the individual affirmative defenses.

the plausibility of additional affirmative defenses pertaining to class members, provided that defendant exercises due diligence in determining such facts." 718 F. Supp. 2d at 1173.

**V.      CONCLUSION**

The Court strikes AMN's affirmative defenses under Rule 12(f) with leave to amend, or in the alternative, orders AMN to replead its affirmative defenses under Rule 81(c).  Defendant's amended affirmative defenses shall be filed within twenty-one (21) days of the date of this order.

IT IS SO ORDERED.


Dated: July 16, 2012

_____
JOSEPH C. SPERO
United States Magistrate Judge

**United States District Court**
For the Northern District of California