UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER O'SULLIVAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMN SERVICES, INC., et al.,<br><br>Defendants. | Case No. 12-cv-02125-JCS<br><br>Consolidated with 12-cv-3190-JCS<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 63 |
| ALICE OGUES, on behalf of herself and all others similarly situated,<br><br>v.<br><br>AMN SERVICES, LLC, AMN HEALTHCARE, INC., AMN HEALTHCARE SERVICES, INC., and DOES 1 to 50,<br><br>Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

The Court has before it the unopposed motion for preliminary approval of a proposed class action settlement. After reviewing the Motion for Preliminary Approval, the Memorandum of Understanding, the Supplemental Declaration of Alan Harris In Support of the Motion for Preliminary Approval of Class Action Settlement ("Supplemental Harris Declaration"), which includes the Class Agreement and Release Of All Claims ("Settlement Agreement"), as well as the Class Notice and Claim Form, filed with the Court, the Court hereby finds and orders as follows:

1. The Court conditionally finds that the Settlement Agreement appears to be fair, adequate and reasonable, falls within the range of reasonableness, and therefore meets the requirements for

preliminary approval.

2. The Court conditionally certifies for settlement purposes only the following Settlement Class: "All persons employed by AMN Services, LLC as non-exempt healthcare professionals in the State of California during the period from January 30, 2008 to September 10, 2013." The Court preliminarily approves the terms of the Settlement Agreement attached hereto as Exhibit 1.

3. The Court conditionally finds, for purposes of settlement only, that the Settlement Class meets the requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3) in that: (1) the Settlement Class members are so numerous that joinder is impracticable; (2) there are questions of law and fact that are common to all Settlement Class members, which questions predominate over individual issues; (3) Named Plaintiffs' claims are typical of the claims of the Settlement Class members; (4) the Named Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class members; and (5) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court conditionally appoints, for settlement purposes only, Alan Harris, of Harris & Ruble, and Shaun Setareh, of the Setareh Law Group, as Class Counsel for the Settlement Class. As set forth in the Settlement Agreement, the Court will review Plaintiffs' request for attorneys' fees and costs at the hearing on the motion for final approval of class action settlement.

5. The Court conditionally appoints for settlement purposes only, Plaintiffs Christopher O'Sullivan, Alice Ogues and David Bell as Class Representatives for the Settlement Class. As set forth in the Settlement Agreement, the Court will review and award any proposed enhancement awards at the hearing on the motion for final approval of class action settlement.

6. As set forth in the Settlement Agreement, Counsel and Plaintiffs shall file any request for attorneys' fees, costs and enhancement awards on or before the date the Claims Adminstrator mails the Notice and Claim Forms to the Class Members.

7. The Court authorizes the retention of Gilardi & Co. LLC ("Gilardi") as the Claims Administrator. As set forth in Gilardi's quote, which is attached as Exhibit 4 to the Supplemental

2

1 Harris Declaration, the cost for claims administration shall not exceed $60,000.

2   8. The Court preliminarily approves, as to the form and content, the Class Notice ("Notice"), attached hereto as Exhibit 2. The Notice appears to fully and accurately inform the Class Members of all material terms of the proposed Settlement Agreement, the preliminary approval of the Settlement, the Settlement Class Members' right to be excluded from the Settlement Class, each Class Member's right and opportunity to object to the Settlement Agreement, and the scheduling of the Final Approval Hearing.

9. The Court preliminarily approves, as to the form and content, the Claim Form ("Claim Form"), attached hereto as Exhibit 3.

10. The Court finds that the dates selected for the mailing and distribution of the Notice and Claim Form meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

11. The parties and Gilardi are ordered to carry out the settlement according to the terms, schedule and deadlines set forth in the Settlement Agreement.

12. The hearing on the Motion for Final Approval of Class Action Settlement shall take place on **February 7, 2014** ("Final Approval Hearing"). The Motion for Final Approval of the Class Action Settlement shall be filed by **January 17, 2014**.

13. The Court further orders that each Class Member who does not opt out of the Settlement shall be given a full opportunity to object to the proposed Settlement and requests for attorneys' fees, costs and enhancement awards, and to participate at a Final Approval Hearing. As set forth in the Settlement Agreement, any Class Member seeking to object to the proposed Settlement shall file such objection in writing with the Court and shall serve such objection on Class Counsel and Defense Counsel no later than the Objection/Exclusion Deadline set forth in the Settlement Agreement. Any Settlement Class member who fails to file and serve a timely written objection shall be foreclosed from objecting to the proposed Settlement Agreement, unless otherwise ordered by the Court. **The parties may not take the deposition of any absent Class Member without further leave of the Court.**

14. The Court further orders that any Class Member who submits a valid and timely request

3

1  for exclusion shall no longer be a member of the Settlement Class, shall be barred from

2  participating in this Settlement Agreement and shall receive no benefit from this Settlement

3  Agreement.

4  15.    If the Court grants final approval, all Class Members and their successors shall

5  conclusively be deemed to have given a release, as set forth in the Settlement Agreement, Notice

6  and Claim Form, against the Defendant and all such Class Members and their successors shall be

7  permanently enjoined and forever barred from asserting any claim related to this action against the

8  Defendant. If for any reason the Court does not execute and file a Final Approval Order, the

9  proposed Settlement subject to this Order and all evidence and proceedings had in connection

10  herewith shall be without prejudice to the status quo ante rights of the parties to the litigation.

11  16.    Pending final determination of whether the Settlement Agreement should be approved,

12  neither the Named Plaintiffs, nor any Class Member who has not timely opted out of the

13  Settlement Class, either directly, representatively or in any other capacity, shall commence any

14  action or proceeding in any court or tribunal against Defendant or any of the Released Parties

15  asserting any of the Released Claims. Similarly, from the date of this Order through the date of the

16  Final Approval Hearing, Class Members who do not exclude themselves from the Settlement

17  Class shall be prohibited from filing any complaints with the California Department of Labor

18  Standards Enforcement or from initiating any other proceedings regarding the Class Released

19  Claims.

20  17.    The Court reserves the right to continue the date of the Final Approval Hearing without

21  further notice to the Settlement Class, and retains jurisdiction to consider all further applications

22  arising out of or connected with the proposed Settlement Agreement.

23  IT IS SO ORDERED.

24  Dated: September 10, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge